IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**THOMAS DONO**,

    Petitioner,

v.

**CHARLES WILLIAMS, Warden,**

    Respondent.

**Civil No.: 2:16-CV-5
(JUDGE BAILEY)**

# REPORT AND RECOMMENDATION

## I. BACKGROUND

On January 25, 2016, *pro* se Petitioner, Thomas Dono, a federal inmate filed this habeas petition pursuant to 28 U.S.C. § 2241[ECF No. 1] together with the $5 filing fee. ECF No. 4. On February 22, 2016, the Court undertook a preliminary review of the petition and determined that summary dismissal was not warranted. ECF No. 6. Accordingly, an Order to Show Cause was issued against Respondent. Id. On March 1, 2016, Respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment and Response. ECF No. 8. In addition, Respondent filed a Memorandum in Support with an Exhibit. ECF No. 9. On March 2, 2016, a Roseboro Notice [ECF No. 10] was issued, and on March 9, 2016, Petitioner filed a Response. ECF No. 11.

## II. FACTS

On October 4, 1999, Petitioner was sentenced by the State of New York to a four year term of imprisonment. ECF No. 9-1 at 2. On May 28, 2000, Petitioner was released by the state on parole. Id. On August 10, 2000, Petitioner was arrested by the Federal

1

Bureau of Investigation. ECF No. 9-2 at 6. On the same day, Petitioner's New York state parole was revoked. Id. at 2.

On August 10, 2000, Petitioner was named in seven counts of a thirty-four count federal indictment. See Criminal Action No. 1:00-cr-00824-ERK-4, Eastern District of New York (Brooklyn) available on PACER. On July 9, 2001, Petitioner pleaded guilty to Conspiracy to commit bank robbery in violation of 18 U.S.C. §§ 371 and 3551 (Count 5); Bank Burglary in violation of 18 U.S.C. § 2113(a), 2 and 2551 (Count 6); Bank Burglary in violation of 18 U.S.C. §§ 2113 (a), 2 and 3551 (Count 10); and Bank Burglary in violation of 18 U.S.C. §§ 2113(a), 2 and 3551 (Count 29). Id. On March 29, 2002, Petitioner sentencing hearing was conducted, and he was sentenced to time served and three years supervised release on Counts 5, 6, 10 and 29 to run concurrently to each other. Id. On April 4, 2002, the USMS returned Petitioner to the New York Department of Corrections. ECF No. 9-1 at 3. Petitioner paroled from the state term on May 15, 2002. Id. at 12.

On September 17, 2003, Petitioner was arrested by the FBI on new criminal charges. ECF No. 9-1 at 6. He was released on bond on September 25, 2003. Id. at 7. On June 3, 2005, Petitioner was sentenced in the United States District Court for the Eastern District of New York to a 31-month term of imprisonment for Racketeering, Case No. 03-CR-0970. Id.at 15.

On November 21, 2007, Petitioner was released, via good conduct time release. ECF No. 9-1 at 20. On June 18, 2008, Petitioner was arrested by the FBI on new criminal charges for murdering a witness. Id. at 24. On August 8, 2008, Petitioner was released on bond [Id. at 25], and on August 11, 2008 was returned to custody. Id. On

March 24, 2010, Petitioner was sentenced in the United States District Court for the Southern District of New York to a 120-month term of imprisonment for Conspiracy to Commit Murder in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(5) and a consecutive 60-month term of imprisonment for Conspiracy to Operate an Illegal Gambling Business in violation of 18 U.S.C. § 371. Petitioner's 180-month federal sentence is deemed to have commenced on the date it was imposed, specifically March 24, 2010. Id.

Petitioner has been granted 642 days of prior custody credit towards his 180-month term of imprisonment for the time period of June 18, 2008 to August 8, 2008, and for the time period of August 11, 2008 to March 23, 2010. ECF No. 9-1 at 25. Petitioner's projected release date, the date on which he will complete serving his federal sentence with consideration for good conduct time, is July 27, 2021. Id.

### III.     THE PLEADINGS

**A.     The Petition**

Petitioner claims that he has been unduly deprived of 13 months, 29 days of jail credit. It appears that Petitioner arrives at this conclusion based on the sentence imposed by the Eastern District of New York on April 29, 2002.  Although Petitioner was sentenced to time served, he maintains that "the substantive count in Judgment of sentence is count 29 which was used to calculate the guideline range of 21-27 months … and is the exact same conduct for which [he] previously received a four year sentence in the state court." ECF No. 1 at 5. Therefore, Petitioner argues that any sentence above the 16 month high end of the guideline range, excluding count 29 would

3

be violative of double jeopardy. For relief, Petitioner asks that the Court deduct 13 months 29 days from his current federal sentence of 180 months.

**B.     Respondent's Motion and Memorandum**

Respondent argues that Petitioner's current federal sentence commenced on March 24, 2010, the date on which it was imposed. ECF No. 9 at 4. The Respondent further argues that Petitioner has been granted 642 days of prior custody credit and is not entitled to any additional prior custody credit. ECF. No. 9 at 5.

Respondent also contends that the appropriate forum for Petitioner's claim of Double Jeopardy would lie in his sentencing court, which is the U.S. District Court for the Southern District of New York, and as such this challenge to the imposition of the sentence itself must be dismissed. ECF. No. 9 at 7.

**C.     Petitioner's Response**

In his response, Petitioner attempts to clarify the record, stating that he in fact did file an administrative remedy with the central office, despite the Respondent maintaining otherwise. ECF No. 11 at 1.[1] Petitioner also claims that he was not arrested by the United States Marshal's Service on August 10, 2000, but that it was instead two federal agents.[2] ECF No. 11 at 2.

---

[1] Petitioner is addressing Respondent's allegation contained in a footnote of their memorandum that he failed to exhaust his administrative remedies, and therefore, the Court need not address the merits of his petition. However, Respondent has addressed the merits of the petition, nonetheless, as has the undersigned. Therefore the issue of exhaustion is moot.

[2] It would appear, based on the attachments provided by Respondent, and as noted by the undersigned under Section II of this R&R, that Petitioner was arrested by FBI agents not the US Marshal Service. However, the arresting agents or agency is irrelevant to Petitioner's claim for relief.

## IV. STANDARD OF REVIEW

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint

5

to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B.      Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of

summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

## V. ANALYSIS

### A. Sentence Calculation

The Bureau of Prisons, on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). The BOP must follow 18 U.S.C. § 3585(b) when calculating sentences:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

(emphasis added).

In Wilson, the Supreme Court held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. 329 at 337. Thus, prior custody credit cannot be awarded to a prisoner if the prisoner has already received credit towards another sentence. See United States v. Brown, 977 F.2d 574, 1992 WL 237275, at *1 (4th Cir. Sept. 25, 1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another

7

sentence); United States v. Goulden, 54 F.3d 774, 1995 WL 298086 (4th Cir. May 17, 1995) (credit is only available for time spent in custody which has not been credited against another sentence).

Although not a model of clarity, Petitioner appears to be seeking credit against his current sentence for thirteen plus months of the sentence imposed by the United States District Court for the Eastern District of New York on 2002. As previously noted, Petitioner was sentenced to a 4-year term of imprisonment on October 4, 1999, by the State of New York. He was released from custody on May 28, 2000, and subsequently arrested by the FBI on August 10, 2000. Simultaneously, his parole was revoked. He was ordered detained by the Federal Magistrate, and was confined to the Metropolitan Detention Center in Brooklyn from August 10, 2000, until April 4, 2002, [ECF No. 9-1 at 7], which was the day after his judgment was entered in the Eastern District of New York. Because the sentence was for time served, Petitioner was released from federal custody and returned to New York Department of Corrections as the result of his parole violation. He was again paroled on May 12, 2002. Therefore, it is clear that Petitioner received credit against his 2002 federal sentence for the entirety of the time he was confined to MDC Brooklyn and served no additional time for that sentence. Moreover, there is no time that he spent in custody which was not credited against this federal sentence.

Petitioner was again indicted in the United States District Court for the Eastern District of New York on September 9, 2003. See Criminal Action No. 1:03-cr-00970-SJ-MDG-3, EDNY (Brooklyn) available on PACER. Petitioner was temporarily detained in that matter from September 17, 2003, until September 25, 2003, when he was released

on bond. ECF No. 9-1 at 7. He was then sentenced to 31 months incarceration on June 28, 2005. Petitioner's voluntary surrender date was August 9, 2005. ECF No. 9-1 at 15. On November 21, 2007, he was released via good conduct time. Id. at 20. Again, Petitioner clearly received credit for all time spent in detention, and there is no time which was not credited against his 2005 federal sentence.

The current sentence that the Petitioner is serving is for 180 months and was imposed by Southern District of New York on March 24, 2010. Petitioner received 648 days of prior custody credit, comprised of the 51 days between June 18, 2008, and August 8, 2008, and 597 days between August 11, 2008, [ECF No. 9-1 at 25][3] and March 23, 2010, the day before his sentence. Therefore, it is again clear that Petitioner received all the prior custody credit he is entitled to against this final federal sentence.

Accordingly, because all of the time Petitioner spent in custody has been applied to each of his three federal sentences as applicable, he is not entitled to any prior custody credit. In fact, it would appear that Petitioner is not seeking "prior custody credit" as contemplated by 18 U.S.C. § 3583(b). Instead, the substance of Petitioner's claim is that he should be granted 13 months of credit against his current sentence for what he alleges is double jeopardy in his first federal sentence. As previously noted, in his first federal conviction, Petitioner was named in seven counts of a 34-count indictment. Petitioner pleaded guilty to Counts 5, 6, 10 and 29. Count 5 charged conspiracy to commit bank robbery, while Counts 6, 10 and 29 charged bank burglary. At Petitioner's plea hearing there was a discussion of Count 29 which dealt with bank burglary of Fleet Bank, East Northport, New York. There appeared to be no dispute that

---

[3] It would appear that Petitioner did not receive custody credit for the period August 8, 2008 to August 11, 2008, because he was given permission to attend his sister's wake. See ECF No. 17, Criminal Case No. 1:08-cr-00523-CM (SDNY) available on PACER.

9

this count involved the same bank burglary for which he was charged in state court and was sentenced to confinement for four years. ECF No. 1-2 at 4. Apparently, because the federal court included Count 29 in calculating his guideline range, Petitioner believes that this constitutes double jeopardy, and argues that the BOP's failure to award him 13 months, 29 days toward his current sentence violates his Fifth Amendment rights.

Prisoners seeking to challenge the validity of their convictions or sentences are required to proceed under Section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to Section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of Section 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007)(internal citations omitted).

While the terms of Section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in Section 2255. The savings clause allows a prisoner to challenge the validity of his conviction under Section 2241 **if** he can demonstrate that Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. The law is clearly developed, however, that merely because relief has become unavailable under Section 2255 because of a limitation bar,[4] the prohibition against successive petitions, or a

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the section 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). A petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective, and the standard is an extremely stringent one. In the Fourth Circuit, Section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Here, even if Petitioner satisfied the first and the third elements of Jones, the crimes for which Petitioner was convicted in both the Eastern District of New York in 2002 and 2005 and the Southern District of New York in 2010, all remain a criminal offense, and therefore Petitioner cannot satisfy the second element of Jones. Accordingly, because Petitioner clearly attacks the validity of sentence, and fails to

---

> The limitation period shall run from the last of:
> a. The date on which the judgment of conviction becomes final;
> b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

establish that he meets the Jones requirements, Petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition to the extent that he is challenging his 2002 sentence as a violation of double jeopardy.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Respondent's "Motion to Dismiss or for Summary Judgment" **ECF No. 8** be **GRANTED** and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **ECF No. 1** be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested.

**DATED:** August 30, 2016

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE